IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ORLANDO TORRES,

                Petitioner,

v.

WARDEN R.D. KEYES,

                Respondent.

OPINION and ORDER

22-cv-499-wmc

---

Orlando Torres, appearing pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Torres contends that the BOP miscalculated his First Step Act time credits. He maintains that if the BOP recalculates his credits properly, he should be released immediately to pre-release custody. For the reasons stated below, the court will deny this petition.

OPINION

The First Step Act contains a provision establishing a "risk and needs assessment system," allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. *See* 18 U.S.C. § 3632(d)(4). In January 2022 the Bureau of Prisons finalized a new rule codifying the bureau's procedures for the earning and application of credits under this system. FSA Time Credits, 87 FR 2705-01, codified at 28 C.F.R. § 523.40 *et. seq.*

The government argues that the petition should be dismissed because Torres failed to exhaust his administrative remedies by challenging the alleged misapplication of his First

Step Act time credits through the bureau's administrative complaint process. Although there is no express exhaustion requirement in § 2241, courts generally require that an inmate exhaust the bureau's administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (noting common-law exhaustion rule for § 2241 actions); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (court "review[s] a claim concerning the computation of a sentence only after administrative remedies have been exhausted"). Torres argues that it would be futile for him to complete the exhaustion process because BOP officials have unnecessarily delayed resolving the administrative complaints he has already filed, and because the BOP predetermined the issue by sending out automated responses as to when First Step credits would be recalculated. However, the court need not resolve whether Torres may be excused from the exhaustion requirements because his claim fails on the merits.

Specifically, Torres is serving a 48-month term of imprisonment after pleading guilty in the Northern District of Illinois to possession with intent to distribute heroin in violation of 21 U.S.C. § 841. Torres also has a three-year term of supervised release. While Torres's statutory release date is March 12, 2024, the parties agree that Torres is eligible to earn First Step credits and to have them applied to his sentence. In March 2022, the BOP calculated Torres's First Step credits, finding that he had earned a total of 255 days of credit. Applying those 255 days to his sentence, the BOP reset Torres's projected release date to July 1, 2023. Also, Torres has been approved for home confinement placement starting February 7, 2023.

Torres maintains that he has earned approximately 360 days of credit. In his view this three-to-four-month difference means that he is already eligible for immediate release to a halfway house. The problem with Torres's argument is that he has not shown *why* he is entitled to the additional 105 days of First Step credits. Torres's attachments to his filings show that he has attempted to bring up his concern with BOP officials, not that the BOP miscalculated the credits he has earned. Specifically, in October 2022, Torres received a First Step credit assessment sheet, which showed that Torres was disallowed about 207 days of programming time. (Dkt. #12, at 1.) Torres then sent an email to a psychologist merely asking why those credits had not been allowed and whether he could do anything to have the credits applied to his sentence. (*Id.* at 2.)

However, absent from these submissions is any evidence or indication that the BOP actually erred in calculating Torres's First Step credits without crediting those 207 days of programming. Even if these documents indicate that there *may* be some uncertainty about whether Torres has earned additional, First Step credits, this is not evidence that the BOP has miscalculated his time credits. Instead, all the court has before it is Torres's conclusory assertion that he is entitled to a total 360 days of First Step credit. That is insufficient to establish that he is being held past his release date. Accordingly, Torres has not shown that he currently is in custody in violation of the laws or Constitution of the United States, and the court must deny his petition without prejudice.

ORDER

IT IS ORDERED that:

1. Orlando Torres's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED WITHOUT PREJUDICE.

2. The clerk of court is directed to enter judgment and close this case.

Entered 3rd day of April, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge